UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LEIF SKOOGFORS,

         Plaintiff,

v.

TOTAL HEALTH BY ELIZABETH, LLC,

         Defendant.

Civil Action No.  16-CV-18-SS

---

## DEFENDANT'S ORIGINAL ANSWER

---

Defendant Total Health By Elizabeth, LLC ("THBE") files this Original Answer in response to Plaintiff's Complaint for Damages and Injunctive Relief from Copyright Infringement (and any subsequently-filed Complaint), and would respectfully show:

## STATEMENT OF FACTS

1.     Defendant THBE is a small, Austin-based business that provides health coaching services to individuals.  Plaintiff Leif Skoogfors ("Skoogfors") has sued THBE for copyright infringement, claiming to have a registered copyright on a photograph that formerly appeared on THBE's website.  THBE does not know, and Skoogfors has not been able to establish in pre-suit negotiations, that Skoogfors actually did have a registered copyright with respect to the image in question.  Nonetheless, upon receipt of Skoogfors' demand letter, THBE immediately agreed to remove the image from its website, and to never re-post it.  Skoogfors has never demonstrated any claimed actual damages from THBE's allegedly infringing use of the photograph, and

Skoogfors does not seek actual damages in this action (*see* Skoogfors Prayer for Relief, at p. 5 of his Complaint).  Skoogfors has been unable to demonstrate his potential entitlement to statutory damages.

2.     If THBE did infringe Mr. Skoogfors' copyright, it was not aware, and had no reason to believe, that its acts constituted an infringement of copyright.

3.     THBE has at all times been willing to agree to a reasonable resolution of this situation, accepting for purposes of negotiation only that it potentially infringed, albeit without awareness.  But during negotiations, Skoogfors has not demonstrated any actual damages, nor can Skoogfors establish that he registered a copyright with respect to the photograph at issue, which would be a pre-requisite for statutory damages.

## ADMISSIONS AND DENIALS

4.     THBE can neither admit nor deny the allegations in paragraph 1 concerning Skoogfors' motivations for filing his complaint.  THBE denies all other allegations in paragraph 1, including that THBE made unlawful use of a copyrighted image owned by Skoogfors, and that this conduct caused Skoogfors damages.

5.     THBE denies the allegations and inaccurate legal assertions in paragraph 2.

6.     THBE admits the allegation in paragraph 3 that this is an action for copyright infringement, but THBE denies the allegation that it "violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A."

7.     THBE admits that this Court has jurisdiction over the matter as alleged in paragraph 4.

8.     THBE admits that this Court has personal jurisdiction over THBE as alleged in

paragraph 5, on the basis of THBE's activities in the State of Texas.    THBE denies the allegations in paragraph 5 that it committed acts of infringement, and that it caused injury to Skoogfors.

9.    THBE admits that venue is proper in this Court as alleged in paragraph 6, but THBE denies the allegations in Paragraph 6 that it committed acts of infringement.

10.    THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

11.    THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

12.    THBE admits the allegations in paragraph 9.

13.    THBE denies the allegations in paragraph 10.

14.    THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

15.    THBE admits the allegations in paragraph 12.

16.    THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

17.    THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

18.    THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

19.    THBE denies the allegations in paragraph 16.

20.    THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

21.     THBE admits that it used the Image, or one that looks just like it, on its website, for some time.  THBE denies all other allegations in paragraph 18.

22.     THBE admits the allegations in paragraph 19.

23.     THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

24.     THBE admits the allegations in paragraph 21.

25.     THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

26.     In response to paragraph 23, THBE incorporates by reference all of its prior admissions and/or denials, as set out above.

27.     THBE lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

28.     THBE denies the allegations in paragraph 25.

29.     THBE denies the allegations in paragraph 26.

30.     THBE denies the allegations in paragraph 27 that it violated Title 17 of the U.S. Code.   THBE admits that 17 U.S.C. §505 provides for certain remedies for infringement, including a potential discretionary award of costs and attorneys' fees.

31.     THBE denies the allegations of paragraph 28.

32.     THBE denies the allegations in Skoogfors' Prayer for Relief.   Specifically, Skoogfors is not entitled to statutory damages, on the basis that he cannot establish registration of his alleged copyright in the image, and registration is a pre-requisite for an award of statutory damages.  17 U.S.C. § 412.  Solely in the alternative, THBE asks that the Court find that THBE was not aware, and had no reason to believe that its acts constituted an infringement of

copyright, and as a result THBE asks that the Court reduce any award of statutory damages to $200.  17 U.S.C. §504 (c)(2).   Respectfully, THBE requests that the Court exercise its discretion to <u>not</u> make any award of costs or fees to Skoogfors under 17 U.S.C. ¶ 505, as the evidence will show that Skoogfors' conduct in pre-suit negotiations has been unreasonable.  THBE asks that the Court deny Skoogfors' request for injunctive relief, on the basis that it has removed the image from its website, and it immediately agreed to do so upon receipt of Skoogfors' demand letter.  Candidly, THBE has no interest in the image, other than as a "stock" representation of a person engaging in physical fitness.  THBE intended to acquire appropriate licensing for the photos of this sort it used on its website, and if it failed to do so for Mr. Skoogfors' photo, the failure was unintentional and inadvertent.

## **AFFIRMATIVE DEFENSES**

33.     As set out above, THBE asserts as affirmative defense that Skoogfors is not entitled to statutory damages, as he has been unable to provide any evidence that he registered a copyright in the image at issue in this action.  A Certificate of Registration numbered VA 1-038-658 does exist, but it is in favor of Corbis Corporation, and it on its face asserts registration of a compilation of digital images authored by "Kevin Fleming, Cathrine Karnow, Bob Krist and 456 other photographers."  Mr. Skoogfors' name does not appear on the certificate, anywhere, nor does the certificate purport to in any way list or identify the digitial images in question.  In other words, neither the plaintiff nor the disputed image is mentioned or identified on the certificate.  Absent registration, statutory damages are not available.

34.     As set out above, in the alternative, THBE asserts as affirmative defense that its infringement, if any, was without awareness, and any award of statutory damages should be

limited.  THBE made a conscientious effort to obtain all rights in the images it used on its website.  If Skoogfors owned the rights to the image over which he has sued, and if THBE did not acquire a license to use the image, then THBE had no awareness that the image was subject to Mr. Skoogfors' copyright, nor did THBE have any reason to believe such.

35.     THBE asserts by way of affirmative defense the statute of limitations.  According to the Complaint, THBE's alleged infringement began on September 26, 2012.  Complaint, at ¶19.  Claims for copyright infringement have a three year statute of limitations.  17 U.S.C. §507(b).  Skoogfors filed this Complaint on January 12, 2016.

## PRAYER

For these reasons, Defendant THBE respectfully asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

Robert G. Hargrove
Texas Bar No. 24032391
rob@texasenergylaw.com
Osborn, Griffith & Hargrove
515 Congress Avenue, Suite 2450
Austin, Texas 78701
(512) 476-3529
(512) 476-8310 *Facsimile*

By:      /s/  Robert G. Hargrove
          Robert G. Hargrove

**ATTORNEYS FOR DEFENDANT
TOTAL HEALTH BY ELIZABETH, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was submitted for service on the below-listed counsel of record, via the CM/ECF system, on this the 22nd day of April, 2016.

By:   /s/  Robert G. Hargrove
Robert G. Hargrove

Mr. Matthew K. Higbee, Esq.
mhigbee@higbeeassociates.com
HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Suite 112
Santa Anna, California 92705-5418

**Counsel for Leif Skoogfors**