UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LEIF SKOOGFORS,<br><br>    Plaintiff,<br><br> v.<br><br>TOTAL HEALTH BY ELIZABETH, LLC,<br><br>    Defendant. | Civil Action No.  16-CV-18-SS |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Total Health By Elizabeth, LLC ("THBE") files this Response in opposition to the Motion for Summary Judgment filed by Plaintiff Leif Skoogfors ("Skoogfors") [Doc. 17], and would respectfully show:

**I.  INTRODUCTION**

Plaintiff Skoogfors fails to provide evidence in support of key elements it must prove at trial, much less evidence that establishes them as a matter of law.  Consequently, Defendant TBHE respectfully requests that Plaintiff's Motion be denied.

This is a copyright infringement case.  Skoogfors is allegedly "a well-known photographer."  Motion, at p. 2.  THBE is a small, Austin-based business that provides health coaching services to individuals.  THBE's website has (or had) a "blog" component, whereby THBE would publish health tips and the like.  On or about September 26, 2012, THBE published a blog post titled "Giant Ladders," which related to a type of exercise.  THBE attached to its blog

post a photograph of a man climbing a rope ladder.

A couple years later, attorneys for Skoogfors wrote to THBE, claiming that Skoogfors took the photograph in question and owned a valid registered copyright in it. THBE immediately took steps to remove the photo from its website.

THBE does not know, and Skoogfors has not established by summary judgment evidence, that Skoogfors actually did have a registered copyright with respect to the image in question. Accordingly, Skoogfors' Motion does not demonstrate his potential entitlement to any relief.

## II.  DEFENDANT'S SUMMARY JUDGMENT EVIDENCE

Attached to this Response as THBE's Exhibit A, and incorporated by reference for all purposes, is the Declaration of Elizabeth Sherman. Ms. Sherman is THBE's President, and she was responsible for the THBE website and its use of the photograph at issue in this action.

## III.  OBJECTIONS TO MOVANT'S STATEMENT OF UNDISPUTED FACTS AND MOVANT'S SUMMARY JUDGMENT EVIDENCE

THBE objects to Skoogfors' Statement of Facts No. 1 (reciting that Skoogfors "is a well-known photographer", etc.). This set of factual statements is not supported by any summary judgment evidence, nor is any cited in the Statement itself.

THBE objects to Skoogfors' Statement of Facts No. 5. This set of factual statements is not supported by any summary judgment evidence, nor is any cited in the Statement itself. THBE has never "alleged that it intended to acquire a license" for use of the photo which is the subject of this Complaint; THBE has alleged that it intended to acquire licenses for all images on its website for which licensing was required. THBE had no knowledge, and no way of

knowing, that a license was required for the photo at issue in this case (if in fact it was).

THBE objects to Skoogfors' Exhibit A. It is hearsay without an exception, and Skoogfors makes no attempt to authenticate it or otherwise prove it up. THBE further objects to Skoogfors' Exhibit A on the basis that it is apparently part of an agreement between Corbis and Skoogfors. In discovery, THBE requested from Skoogfors production of contracts between Skoogfors and Corbis, but Skoogfors refused to produce them. Attached hereto as THBE Exhibit B is a true and correct copy of Skoogfors' discovery responses; the Corbis objections relate to Request for Production No. 8 (p. 8). Attached hereto as THBE Exhibit C is a true and correct copy of a letter from Skoogfors' counsel, reiterating their refusal to produce the Corbis contracts.[1] Having refused to produce documents relating the to Corbis/Skoogfors relationship, Skoogfors cannot now rely on selectively-chosen aspects of that relationship to try to make his case.

THBE objects to Skoogfors' Exhibit B. On its face, it bears no applicability to this proceeding, and is therefore irrelevant.[2] It is also hearsay without an exception, as Skoogfors makes no attempt to prove it up.

THBE objects to Skoogfors' Exhibit C. It is hearsay without an exception, and Skoogfors makes no attempt to authenticate it or otherwise prove it up.

---

[1] The letter addresses THBE's suggestion that a Protective Order would allay Skoogfors' stated reason for refusing to produce the contract.

[2] Exhibit B is a Certificate of [Copyright] Registration. The problem with it is that it never recites that it applies to Plaintiff, much less the specific photograph at issue in this case. THBE expects that Skoogfors will assert that the photograph at issue here was registered with this certificate, but there is no summary judgment evidence on this critical issue.

## IV.  ARGUMENT AND AUTHORITY

A.     **No Evidence of Ownership of Valid Copyright**

Skoogfors provides no admissible summary judgment evidence that he owns a valid copyright in the image at issue in this case.  Instead, Skoogfors offers an argument that "[a] certificate of registration, if timely obtained, is prima facie evidence that a copyright is valid and the registrant owns the copyright."  Motion, at p. 4.  The statute Skoogfors references states that the certificate of registration "shall constitute prima facie evidence of the validity of the copyright **and of the facts stated in the certificate**."  17 U.S.C. §410(c) (emphasis added).

The particular certificate on which Skoogfors relies, though, (Skoogfors' Ex. B) does not state any facts that have any bearing on this case.  Instead, it references Corbis Corporation as the registrant, and "Kevin Fleming, Catherine Karnow, Bob Krist and 456 other photographers" as the author.  The name Leif Skoogfors appears nowhere.  Reference to this particular photograph appears nowhere.  Certificate VA 1-038-658 is no evidence that this Plaintiff owns a valid copyright in the image at issue in this case (even if it were offered in admissible form, which it was not).  Since it is the only purported evidence of copyright ownership attached to Plaintiff's Motion, the Motion must be denied.

Skoogfors attempts to buttress the certificate of registration with his Exhibit A, which is a document purporting to be from someone at Corbis titled "Reassignment of Record Title."  It references the Certificate of Registration, and states that it covers "original film images registered under Certificate of Registration VA1-038-658."  Again, since there is no evidence as to **which** "original film images" were registered, the Reassignment is not evidence that Skoogfors owns a valid copyright in this particular photograph (even if it were offered in admissible form, which it was not).

B.     **No Evidence of Willfulness**

THBE has admitted that the photograph over which Skoogfors sued appeared on its website.  However, contrary to Skoogfors' Motion, THBE **did not admit** that it knew that "use of the image would require a license."  Instead, THBE has stated that it acquired licenses when they were required.  In this instance, THBE did not believe a license was required for the photo at issue in this case.  Attached to this Response and incorporated by reference herein for all purposes is THBE's Exhibit A, the Declaration of Elizabeth Sherman.  It establishes that THBE found the photo via an internet search, that the photo bore no indicia of copyright, and that THBE believed it could use the photo without a license.  At a minimum, the summary judgment evidence establishes that a fact issue exists on willfulness.  *See Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 395-95 (5th Cir. 2014) (summarizing the law on "willfulness" under 17 U.S.C. §504(c)(2) and noting that it generally requires a finding of "reckless disregard" or behavior that is "wanton" on the part of the alleged infringer).

C.     **No Evidence entitling Skoogfors to Statutory Damages**

To be entitled to statutory damages, Skoogfors would have had to have properly registered his copyright in the image in question.  17 U.S.C. §412.  As set out above, Skoogfors provides no summary judgment evidence that he did so, with respect to this particular photograph.  Consequently, Skoogfors' Motion should be denied, to the extent it requests statutory damages.

Skoogfors' Motion asserts that "it is undisputed that Plaintiff has suffered harm as a result of the infringement." Motion, at p. 7.  THBE absolutely does dispute this.  Assuming for sake of argument that Skoogfors had otherwise established that infringement occurred, there is no

admissible summary judgment evidence that he was harmed by THBE's use of the photo.[3]

Skoogfors' Motion claims that THBE admitted that it "profited for three years" from use of the photo. Motion, p. 7. It bases this claim on THBE's Answer, at Para. 21. In Paragraph 21 of its answer, THBE admitted that it used the photo on its website, but THBE denied that it benefited from the use, and THBE denied that it "acquired monetary gain and market benefit as a result." Consequently, there is no summary judgment evidence to support Skoogfors' assertion that THBE "profited for three years" by its use of the photo.

Finally, in the event the Court concludes that an award of statutory damages is appropriate, THBE would respectfully ask that the award be reduced to $200, on the basis that if THBE infringed, the infringement was without awareness. 17 U.S.C. §504(c)(2) ("In a case where the infringer sustains the burden of proving, and the court finds, that the infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200"). THBE's Exhibit A is offered in support of this request.

**D.    No Evidence Supporting Attorneys' Fee Award**

Skoogfors' Motion asks for an unspecified attorneys' fee award. Even if the Court grants Skoogfors' Motion, THBE respectfully requests that the Court exercise its discretion under statute to decline to make such an award. 17 U.S.C. §505 (use of the word "may" rather than "shall" award fees to prevailing party). As noted above, and as set out in THBE's Exhibit A, if THBE's conduct constituted actionable infringement, it was inadvertent, without awareness, and if Skoogfors' Exhibit C is to be believed, it cost Skoogfors $321.75 worth of royalty.

---

[3] As noted above, Skoogfors' Ex. C is not admissible. If it were, it purports to be a copy of a check for a $321.75 royalty payment for a license to use this photo.

THEREFORE, Defendant THBE respectfully asks the Court to deny Plaintiff's Motion for Summary Judgment, and award Defendant all other relief the Court deems appropriate.

        Respectfully submitted,

        Robert G. Hargrove
        Texas Bar No. 24032391
        rob@texasenergylaw.com
        Osborn, Griffith & Hargrove
        515 Congress Avenue, Suite 2450
        Austin, Texas 78701
        (512) 476-3529
        (512) 476-8310 *Facsimile*


By:   /s/  Robert G. Hargrove
       Robert G. Hargrove

**ATTORNEYS FOR DEFENDANT
TOTAL HEALTH BY ELIZABETH, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this document was submitted for service on the below-listed counsel of record, via the CM/ECF system, on this the 3rd day of November, 2016.

                      By:   /s/ Robert G. Hargrove
                                Robert G. Hargrove

Mr. Matthew K. Higbee, Esq.
mhigbee@higbeeassociates.com
HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Suite 112
Santa Anna, California 92705-5418

**Counsel for Leif Skoogfors**