Mathew K. Higbee, Esq., SBN #24076924
mhigbee@higbeeassociates.com
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LEIF SKOOGFORS,<br><br>            Plaintiff,<br><br>v.<br><br>TOTAL HEALTH BY ELIZABETH, LLC,<br><br>            Defendant. | Civil Action No 16-CV-18-SS |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT**

**I. INTRODUCTION**

On October 21, 2016, Plaintiff Leif Skoogfors filed its Motion for Summary Judgment, ("Motion"), seeking summary judgment under Fed. R. Civ. P. 56 (c) against Defendant, Total Health By Elizabeth, LLC.  In support of its Motion, Plaintiff filed its Statement of Undisputed Facts; Argument and Authorities in Support of Plaintiff's Motion for Summary Judgment; and numerous exhibits comprised of a Reassignment of Legal Title, Copyright Registration Certificate and a Royalty Statement.

1

In response to Plaintiff's Motion, on November 3, 2016, Defendant filed its Opposition to Motion for Summary Judgment ("Opp. To MSJ") and Exhibits in support of its Motion. These documents fail to dispute Plaintiff's uncontroverted facts with any specific evidence or supporting legal authority. In stark contrast, Plaintiff has amassed uncontroverted evidence in support of its Motion, which should now be granted.

## II. RESPONSE TO DEFENDANT'S OBJECTIONS TO MOVANT'S SUMMARY JUDGEMNT EVIDENCE

Defendant's objections to Plaintiff's "EXHIBIT A" has no merit and should be rejected. Exhibit A is a "Reassignment of Legal Title" from Corbis Corporation to Plaintiff as it relates to the interest of the property (the copyrighted Image(s)) at issue in this action). It clearly falls under the hearsay exceptions under Rule 15 of the Federal Rules of Evidence, relating to statements that affect an interest in real property. That rule provides as follows:

> (15) *Statements in Documents That Affect an Interest in Property*. A statement contained in a document that purports to establish or affect an interest in property if the matter stated was relevant to the document's purpose — unless later dealings with the property are inconsistent with the truth of the statement or the purport of the document

F.R.E. 803(15)(2016).

Defendant's objection to Exhibit on the ground that it was not disclosed during discovery should also be rejected. As Defendant's own evidence indicates, Plaintiff asserted a timely and valid bases for its objections to Defendant's discovery request (on


overbroad and vagueness grounds, among others).  At that point, Defendant had the option to file a motion to compel the disclosure under Rule 37 of the Federal Rules of Civil Procedure.  Defendant never did so.

Similarly, Defendant's objection to Plaintiffs' "EXHIBIT B" is also groundless.  Exhibit B is a copy of an official "Certificate of Registration" kept in the United States Copyright Office.  Thus, as with Exhibit A, it falls under the hearsay exception under Rule 15 as a statement affecting an interest in property.  Exhibit B directly relates to Exhibit A in that it pertains to the original film image registered under VA1-038-658, issued by the U.S. Copyright Office.

Additionally, Exhibit B falls under FRE Rule 8, as a record or statement of a public office, recorded by a public official during and under his/her official capacity:

> (8)  Public Records. A record or statement of a public office if:
>
> (A) it sets outs;
>
> (i)  the office's activities;
>
> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

F.R.E. 803(8).
//

Finally, Defendant's objection to Plaintiff's "EXHIBIT C" is groundless. Exhibit C is a "Royalty Statement" of Corbis Corporation which shows that Plaintiff has had an ongoing rate during and throughout the three-year period when Defendant was using the copyrighted Image(s) to promote its business without paying for a valid licensing. Exhibit C cannot be considered hearsay at all, as it is merely intended to show that Plaintiff was entitled to royalties during the infringement period, rather than being asserted for purposes of damages calculation. Plaintiff has elected to recover statutory damages (as opposed to actual damages and lost profits) under 17 USC 504. But even if it is hearsay, Exhibit C (like the previous exhibits) falls under FRE, Rule 15, as a statement affecting an interest in property.

## III. DEFENDAT FAILED TO MEET THEIR BURDEN FOR SURVIVING SUMMARY JUDGEMENT

**A. Defendant's Burden in Responding to Summary Judgment**

Under Fed. R. Civ. P. 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

The Supreme Court has held that "[t] he mere existence of a scintilla of evidence …will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." Anderson v Liberty Lobby, Inc., 477 U.S. 242,252,106 S. Ct. 2505,

2512, 91 L Ed. 2d 202,214. Thus, any opposition to Plaintiff's Motion must set forth facts that are probative and not merely colorable of any fact that is alleged to be disputed. See SEC v Murphy, 626 F. 2d 633, 640 (9th Cir. 1980).

### B. Defendant Failed to Meet Their Burden

Defendant has failed to put forth any specific and significantly probative evidence that disputes Plaintiff's uncontroverted facts. Defendant resorts to making numerous irrelevant arguments that merely serve as red herrings with no bearing on Plaintiff's motion.

### 1. Evidence of Ownership of Valid Copyright.

In their Opposition, Defendant claims that Plaintiff is not the owner of the copyright, yet provides no relevant facts to support this contention and fails to cite any authority that disputes the clearly articulated standard under Title 17. In light of the fact that the Certificate was issued under the seal of the Copyright Office in accordance with Title 17, the certificate does states facts, which have bearing on this case. Title 17 U.S.C. 410(c) provides that, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." As such, because the Image in question was published and registered in 1999, this title provides a presumption of validity, not requiring Plaintiff to prove copyright ownership as to each aspect of the Image, further than the provided Registration. With regard to the "Reassignment of Record Title", it sufficiently establishes Plaintiff as the owner of the copyright. Defendant has failed to cite any authority that disputes the validity or the admissibility of the reassignment.

**2. Evidence of Willfulness**

Defendant admitted that it acquired licenses when they were required but that in this instance, they did not believe a license was required for the photo at issue in this case. Defendant has put forth in their Exhibit A, the Declaration of Elizabeth Sherman, which establishes that the photo was found online, bore no indica of copyright and believed it could use the photo without a license. To prove "willfulness" under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005) As such, courts often inquire into the mind of the infringer to determine whether they had reason to believe that his or her acts constitute an infringement. Given that that Defendant is a holder of other copyrighted licenses, defendant should have made proper inquiry as to the status of the image in question, rather than proceed as though images appropriated online are free for use. A person with this level of sophistication would have understood this to be the case.

**3. Evidence Entitling Statutory Damages**

For the reasons aforementioned, Plaintiff is entitled to statutory damages. Moreover, Defendant admitted in its Answer, at Para.21 that it willfully used the image to promote its business. This was done for a period of three years. This fact remains undisputed. Consequently, Plaintiff was not only deprived of a licensing fee but the market value of this image was likely diminished as it became main streamed through unauthorized spread. This would also give other infringers the opportunity to use the

image without proper licensing and permission. It is inevitable that harm would be suffered as a result. This fact remains undisputed.

### 4. Evidence Supporting Attorney's Fee Award

Finally, although left to the trial court's discretion, an award of attorneys' fees in copyright infringement cases is "the rule rather than exception and should be awarded routinely." Micromanipulator, Co. v. Bough, 779 F.2d 255, 259 (5th Cir. 1985). There is "no precise formula" to decide whether to grant attorneys' fees under § 505, but some non-exclusive factors are: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence," Forgerty v Fantasy, Inc., 510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Moreover, a finding of willful infringement may also guide in the courts exercise of its discretion. EMI April Music, Inc. v Know Group, LLC, No, 3:05-CV-1870-M, 2006 WL 3203276, at *5 (N.D.Tex. Nov. 6, 2006) (Lynn, J). In addition, Plaintiff's attorney attempted to resolve the matter amicably prior to filing the complaint; however, Defendant declined all settlement offers.

//
//
//
//
//
//
//

## IV. CONCLUSION

THEREFORE, Plaintiff LEIF SKOOGFORS respectfully asks the Court to grant its Motion for Summary Judgment, and award all other relief the Court deems appropriate.

Dated: November 10, 2016

        Respectfully submitted,

        **/s/ Mathew K. Higbee, Esq.**
        Mathew K. Higbee, Esq.
        Texas Bar No. 24076924
        HIGBEE & ASSOCIATES
        1504 Brookhollow Dr., Ste 112
        Santa Ana, CA 92705-5418
        (714) 617-8350
        (714) 597-6729 facsimile
        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I am, and was at the time the herein mentioned service took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled case.

I am employed in Higbee & Associates' Copyright Division.

My business address is Higbee & Associates, 1504 Brookhollow Dr. #112, Santa Ana, CA 92705.

On the date that this declaration was executed, as shown below, I served the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSTION TO MOTION FOR SUMMARY JUDGMENT** via the Court's CM/ECF electronic filing service to the following:

>**Mr. Rob Hargrove**
>**OSBORN, GRIFFITH & HARGROVE**
>**515 Congress Avenue, Suite 2450**
>**Austin, TX 78701**
>**Rob@Texasenergylaw.com**

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 10, 2016 at Santa Ana, CA.

**/s/ Steven Lavallee**
Steven Lavallee